**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| **AIDS HEALTHCARE FOUNDATION** | * | |
| | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-14-03029 |
| | * | |
| **PRINCE GEORGE'S COUNTY, ET AL.,** | * | |
| Defendants. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Before the Court is Plaintiff AIDS Healthcare Foundation's ("Plaintiff's") Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"). *See* ECF No. 3. For the reasons discussed on the record during a recorded teleconference held on September 26, 2014, and as further explained below, the Court will DENY Plaintiff's Motion.

**I.   BACKGROUND**

This action arises from alleged improprieties that Plaintiff claims tainted a public application process for entities seeking government funds for HIV/AIDS research and initiatives. Plaintiff is a non-profit organization that specializes in large-scale HIV counseling and testing services, early intervention services, HIV medical care, medical case management and pharmacy services, referrals, and linkage to financial services and innovative client retention protocols. *See* ECF No. 1 at ¶ 5.

1

On July 19, 2013, the Prince George's County Health Department, Suburban Maryland Ryan White Part Administrative Agency (the "Agency") issued a Request for Applications ("RFA"), announcing that it expected to have approximately $2,913,353.00 available in Ryan White Part A Grant Funds ("Grant Funds") to allocate to qualified applicants. *Id*. at ¶ 6. The RFA sought applicants who were equipped to provide a variety of clinical and medical support services to indigent, uninsured, and underinsured persons who are living with HIV/AIDS in the Suburban Maryland jurisdiction, which includes Prince George's, Montgomery, Frederick Charles and Calvert Counties. *Id*. at ¶ 7.

The legislation known as the Ryan White Treatment Extension Act of 2009 was enacted to create and maintain a system of services that achieves improved health status outcomes for people with HIV/AIDS. *See* ECF No. 3-1 at 3. Pursuant to this Act, the United States Department of Health and Human Services, Health Resources, and Service Administration makes Grant Funds available to various counties for disbursement to entities that provide medical services to individuals with HIV/AIDS. *See id.* at 3-4. Plaintiff is an experienced Ryan White provider in states other than Maryland. *See* ECF No. 1 at ¶ 9. At the time of responding to the RFA, Plaintiff was not a Ryan White awardee in Maryland, nor is it currently an awardee. *Id*.

In an effort to obtain Ryan White awardee status in Maryland, AHF submitted an application to the Agency in response to the RFA on September 18, 2013. *See* ECF No. 3-2 at ¶ 11. Plaintiff's application requested $108,883.00 of Grant Funds to provide direct outpatient medical care and medical case management, AIDS pharmaceutical assistance, and non-medical case management to those infected with HIV/AIDS. *See* ECF No. 3-1 at 4. In addition to Plaintiff, five other entities submitted applications to Prince George's County in connection with the RFA. *See* ECF No. 3-2 at ¶ 12. On February 28, 2014, the Agency notified the five other

applicants of its intent to award them with Grant funds. *Id*. On March 14, 2014, Plaintiff was notified that it would not be awarded Ryan White grantee status. *Id*. at ¶ 14.

Surprised by the County's decision, Plaintiff sought additional information from the County relating to the application and evaluation process. *See* ECF No. 3-1 at 5. Despite Plaintiff's efforts, it received limited and, at times, conflicting information. *See id.* at 5- 8. Plaintiff therefore instituted a formal protest seeking to challenge alleged improprieties associated with the County's application and evaluation process. *See id.* That formal protest is ongoing. Plaintiff contends, however, that its efforts to pursue its protest have been stymied by the County's refusal to produce certain relevant documents.

On September 25, 2014, Plaintiff filed a complaint against Prince George's County and the Agency. Contemporaneously, Plaintiffs filed a motion for temporary restraining order and preliminary injunction, pursuant to Fed.R.Civ.P. 65(b), that would "enjoin[] and restrain[] [defendants] from further disbursements of Ryan White Grant Funds until this Court has determined the remaining amount of said funds" and that would "[r]equir[e] the Defendants to immediately place $108,883.00 in escrow until the Protest is resolved to ensure that a remedy will be available to [Plaintiff] should it be successful on its Protest." *See* ECF No. 3-1 at 11. The next day, the Court conducted a recorded teleconference with the parties during which the Court expressed its concerns about Plaintiff's ability to demonstrate irreparable harm. Having considered Plaintiff's motion and memorandum in support, as well as the arguments it raised during the September 26, 2014 teleconference, the Court finds that Plaintiff has not demonstrated irreparable harm. Accordingly, Plaintiff's Motion, ECF No. 3, is denied.

## II. DISCUSSION

Prior to addressing Plaintiff's Motion, the Court must briefly address Defendants' concern that the Court lacks jurisdiction over this matter. Without prejudice to Defendants re-raising this issue later and the Court's later reconsideration, the Court finds that, based on its review of the complaint, it has jurisdiction over this matter. *See e.g.*, 28 U.S.C. § 1332; 28 U.S.C. § 1331; 28 U.S.C. § 2201.

As it relates to the Motion, the Court finds that, for the reasons stated on the record, neither a temporary restraining order nor a preliminary injunction are warranted. The grant of a temporary restraining order or preliminary injunction is an "'extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Dewhurst v. Cnty. Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011) (quoting *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008)). The Fourth Circuit recognizes four requirements in conjunction with the Supreme Court's ruling in *Winter v. Natural Resources* that a party must show in order to be granted a TRO or a preliminary injunction:

> (1) likelihood of success on the merits; (2) likelihood the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in movant's favor; and (4) the injunction is in the public interest.

*The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009) (citing *Winter*, 555 U.S. at 20); *see also Dewhurst*, 649 F.3d at 290 (reaffirming the four requirements set forth in *The Real Truth About Obama*). According to *The Real Truth About Obama,* and *Dewhurst*, the Fourth Circuit has determined that all four requirements must be met in order for a temporary restraining order or a preliminary injunction to be granted. The burden placed upon Plaintiff to state a claim for a temporary restraining order or preliminary injunction

4

is high.  For the reasons stated below, as well as for the reasons stated on the recorded September 26, 2014 teleconference, Plaintiff has failed to satisfy this high burden.

"When deciding whether to grant a [temporary restraining order or a] preliminary injunction, the court must first determine whether the plaintiff has made a strong showing of irreparable harm if the [injunctive relief] is denied; if such a showing is made, the court must then balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant." *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 271 (4th Cir. 2002). Plaintiff has not made a strong showing of irreparable harm.

Generally, "irreparable injury is suffered when monetary damages are difficult to ascertain or are inadequate." *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 22 F.3d 546, 551 (4th Cir. 1994) (citing *Danielson v. Local 275,* 479 F.2d 1033, 1037 (2d Cir. 1973)). Thus, "when 'the record indicates that [plaintiff's loss] is a matter of simple mathematic calculation,' a plaintiff fails to establish irreparable injury for preliminary injunction purposes." *Multi-Channel TV Cable Co.*, 22 F.3d at 551-52 (quoting *Graham v. Triangle Pub.,* 344 F.2d 775, 776 (3d Cir. 1965)).  Here, any monetary damages suffered by Plaintiff would be remedied by a Court order to the Defendants to pay Plaintiffs from its treasury $108,883.00 (or whatever amount is deemed appropriate). Additionally, should it be determined that the County's application process was tainted by self-dealing or other improprieties, the Court may appropriately order Plaintiff to be awarded Ryan White grantee status.  Accordingly, any harm suffered by Plaintiff is not irreparable; rather, any harm suffered by Plaintiff could be remedied by a later Court order.

Regarding Plaintiff's concern about Defendant's failure to provide relevant documents in advance of its pending protest, should Plaintiff's complaint before this Court proceed to

discovery, Plaintiff will have the opportunity to propound formal discovery upon the Defendants. Such discovery would be governed by the applicable rules of the Federal Rules of Civil Procedure. To the extent Plaintiff believes that Defendants fails to produce all responsive, non-privileged documents, Plaintiffs would be free to file a motion to compel the production of such documents. *See* Fed.R.Civ.P. 37; *see also* Local Rule 104.8 (D. Md.). At this point, however, the Court cannot order the production of these documents. Further, to the extent that such documents later point to improprieties in the RFA process, as Plaintiffs seem to expect, appropriate relief would then be available. In short, the Court finds that any harm being suffered by Plaintiff is not irreparable and thus does not need to reach the remaining requirements for a temporary restraining order.

**III.    CONCLUSION**

For the aforementioned reasons, Plaintiff's motion for temporary restraining order and/or preliminary injunction is DENIED.


Dated: September 26, 2014                                     /S/
                                                           George Jarrod Hazel
                                                           United States District Judge